George W. Bassett, appellant, vs. Orland Child, appellee.

*Appeal from La Salle.*

A contract between C and B, by which C agrees to saw ninety thousand feet of lumber for B, for five hundred dollars—one half to be paid when half the lumber should be sawed, and the other half when the residue of the lumber was sawed; and in case B should neglect to furnish logs, so as to keep the mill of C employed, that C should be allowed at the rate of fifteen hundred feet per day, upon the contract, for every day his mill should remain idle—is an entire and dependent contract, by which C is compelled to fully perform on his part, before he can be entitled to the last half of the compensation.

Upon such a contract, it was erroneous to instruct the jury that if B ceased to furnish logs at the mill of C, that C was thereby excused from a performance on his part of the whole contract, and entitled to recover for what he had sawed, at the contract price.

C was bound, under such a contract, to remain prepared to do the sawing, until, at the rate of fifteen hundred feet per day, the residue of the sawing to be done, might be considered as done; and then he would be entitled to the full compensation stipulated.

This action was commenced before a justice of the peace by Child against Bassett.    Child there recovered a judgment for $13 13, and took an appeal to the Circuit Court.    At the November term, 1849, of the La Salle Circuit Court, Spring, Judge, presiding, the cause was heard before a jury, and a verdict and judgment rendered for Child, for $50 10.    Bassett prayed this appeal.    The action was founded on two contracts.    The first was substantially as follows:  That in consideration of the sum of five hundred dollars—one half to be paid to him when he shall have sawed forty-five thousand feet of lumber, as thereinafter expressed; the balance of said five hundred dollars to be paid

when Child shall have sawed an additional forty-five thousand feet, or ninety thousand in all, to be sawed, &c., &c., by the second contract; that in consideration of the sum of fifty cents per thousand, in addition, for what remained to be sawed of the ninety thousand feet mentioned in the first contract, the said Child agreed to move his mill, and Bassett agreed to keep a constant supply of logs on hand of certain dimensions; and in case there should not be a supply of logs, said Child was to be allowed at the rate of fifteen hundred feet per day, for all delay thus occasioned, &c.    The appellant assigned for error the giving the instructions asked for by the appellee, and the refusing to give the first and third instructions asked by the appellant. These instructions are given in the opinion of the Court.

GLOVER & COOK, for appellant.

E. S. LELAND, for appellee.

Opinion by Mr. Justice CATON:

By the contract between the parties, Child agreed to saw ninety thousand feet of lumber for Bassett, for five hundred dollars; one half to be paid when one half of the lumber was sawed, and the other half after the whole should be completed; and it was further agreed, that in case Bassett should neglect to furnish logs to keep the mill running, that Child should be allowed at the rate of fifteen hundred feet per day, for the time which he should thus be compelled to remain idle.

At the instance of the plaintiff below, the Court instructed the jury, "that if the defendant ceased to haul the logs to the plaintiff's mill, it excuses the performance by the plaintiff of his whole contract, and he is entitled to recover for what he has sawed for the defendant, at the contract price." This was clearly a misconstruction of the contract, and should not have been given.    The parties had expressly provided that the contingency contemplated by the instruction should not authorize Child to abandon the work, by allowing him for the sawing of fifteen hundred feet for every day he should be without logs. Under this contract he had no right to complain if no more logs were furnished him; but he was bound to remain until, by the allowance of fifteen hundred feet per day, his contract for the

ninety thousand feet should be completed; when he would have been entitled to the full compensation stipulated. The first and third instructions asked for by the counsel for the defendant below, ought to have been given. The first was, "that under the contracts given in evidence in this suit, the plaintiff is not entitled to recover pay for sawing of more than forty-five thousand feet of lumber, unless he has sawed the whole amount of ninety thousand feet, or has shown that he has been released from his contract by defendant, or, some other legal excuse for not having fulfilled the contract on his part." And the third was, " that this contract was an entire contract, and the plaintiff cannot recover unless he has performed the contract on his part, or some legal excuse for not sawing." These two instructions involve substantially the same proposition, and should have been given. That this was an entire and dependent contract, compelling Child to fully perform on his part, before he was entitled to any portion of the last half of the compensation, is a proposition so clear, in our opinion, that it hardly admits of argument. The action was brought upon the special agreement, which makes Child's right to claim the last half of the compensation to depend upon his sawing the full ninety thousand feet, as explicitly as language can express it. The instructions did not ask that the plaintiff should show that he had sawed the lumber in the manner required by the contract, but only that he should show that he had sawed the stipulated quantity. If he had sawed the required quantity, and this had been received by the defendant, although it had been imperfectly done, it may be that he might have recovered, making a reasonable deduction for the imperfect manner in which the work was executed. But here a total failure to complete the contract is supposed, and without any legal excuse. It was objected to the instructions, that it left it to the jury to judge as to what would or would not constitute a reasonable or legal excuse for non-performance. But the instructions were not obnoxious to any objection on that account. For the defendant to have specified every thing which would or would not have furnished a good excuse for non-performance, he must have written a book for an instruction, which would have been equivalent to denying him the right of instruction altogether; and he certainly had a right to have that legal proposition go to the jury. Had the plaintiff supposed that he

had shown a legal excuse, he could have framed an instruc--
tion based upon such supposed state of facts, and thus have put
the jury in possession of all the law as applicable to the partic--
ular case.   Indeed, this was done; and upon such instruction
for the plaintiff, he obtained a verdict.   That instruction, how-
ever, as we have seen, was erroneous.   Upon the principle in-
volved in these two last instructions, we adhere to the rule laid
down in the case of Eldridge vs. Rowe, 2 Gilm., 91.

The judgment is reversed, with costs, and the cause re--
manded.

*Judgment reversed.*